09-0102-ag
Ghotra v. Holder

BIA
Videla, IJ
A 073 418 186
A 075 330 325
A 075 330 326
A 075 330 327

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1.  IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)."  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/).  IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of January, two thousand ten.

PRESENT:
           ROBERT A. KATZMANN,
           BARRINGTON D. PARKER,
           GERARD E. LYNCH,
                     *Circuit Judges.*

_____

TARSEM SINGH GHOTRA, SWARN KAUR
GHOTRA, KULVINDER SINGH GHOTRA, AND
JASVINDER SINGH GHOTRA
           *Petitioners,*
            v.                                    09-0102-ag
                                                  NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,*
           *Respondent.*

_____

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**FOR PETITIONERS:**    Saul C. Brown, New York, New York.

**FOR RESPONDENT:**    Tony West, Assistant Attorney General; John S. Hogan, Senior Litigation Counsel; Kathleen Kelly Volkert, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioners, natives and citizens of India, seek review of a December 12, 2008 order of the BIA affirming the May 15, 2007 decision of Immigration Judge ("IJ") Gabriel C. Videla, which denied their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Tarsem Singh Ghotra, Swarn Kaur Ghotra, Kulvinder Singh Ghotra, Jasvinder Singh Ghotra*, Nos. A 073 418 186, A 075 330 325, A 075 330 326, A 075 330 327 (B.I.A. Dec. 12, 2008), *aff'g* Nos. A 073 418 186, A 075 330 325, A 075 330 326, A 075 330 327 (Immig. Ct. N.Y. City May 15, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and

2

supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. DHS*, 494 F.3d 281, 289 (2d Cir. 2007). We review *de novo* questions of law and the application of law to undisputed fact. *See Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

**I.  Tarsem Singh Ghotra**

After initially having been granted asylum, Tarsem Singh Ghotra's asylee status was terminated upon a finding that he had committed fraud in his initial asylum proceeding. After a second asylum hearing, the IJ found Ghotra not credible. We find no error in that determination.

As a preliminary matter, Ghotra does not challenge the IJ's findings that: (1) his testimony that only Swarn, Kulvinder, and Jasvinder were included in his application for adjustment of status was inconsistent with his statement that he signed the application while it was blank and never reviewed it; (2) his testimony that Dalvir Ghotra was his nephew's "true and correct name" was inconsistent with a

3

fingerprint check proving the nephew's name to be "Jasvir Singh"; (3) his testimony on direct examination that he did not know how his new attorney could have obtained Dalvir's name and birth date in order to prepare the fraudulent birth certificate was inconsistent with his testimony on cross examination that the attorney ordered his file from a previous attorney; and (4) his testimony that his family moved to Punjab after he fled India was inconsistent with Swarn and Jasvinder's testimony that the family remained in Delhi during that time.  Accordingly, those findings stand as valid bases for the IJ's adverse credibility determination.  *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008).

Ghotra argues that, in finding him not credible, the IJ erred by relying on several instances of fraud.  However, as we have made clear, an adverse credibility determination may be based on the applicant's submission of a false document as evidence in an asylum proceeding.  *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) (once an IJ concludes that a document is false, he or she is "free to deem suspect other documents (and to disbelieve other testimony) that depend for probative weight upon [the applicant's]

4

veracity"). Here, the IJ found that Ghotra: (1) fraudulently included Dalvir Ghotra as his son on his asylum application; (2) falsely testified that Dalvir was his son at his asylum interview; and (3) submitted a fraudulent birth certificate for Dalvir with his asylum application. Given this fraudulent testimony and evidence, the IJ was free to disbelieve the balance of Ghotra's claim. *See id.* Accordingly, substantial evidence supports the IJ's adverse credibility determination. *See Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008). Because Ghotra failed to establish his eligibility for asylum due to his lack of credibility, he also failed to meet the higher standard required for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

## II.  The Remaining Petitioners

Although the IJ did not make an adverse credibility determination with respect to the remaining petitioners, the IJ reasonably found that they failed to establish either past persecution or an objectively reasonable fear of future persecution.  Swarn Ghotra testified that she was "bothered" by her neighbors for being a Sikh, but stated that she was never physically mistreated.  Furthermore, Kulvinder and

5

Jasvinder testified that they were harassed by the police, but Jasvinder stated that the harassment occurred only twice in the seventeen years he lived in India, and neither sibling was ever arrested, beaten, or detained by police. Such "mere harassment" does not rise to the level of persecution. *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006).

To establish asylum eligibility absent a showing of past persecution, an applicant must show that he or she subjectively fears persecution and that this fear is objectively reasonable. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). A fear is objectively reasonable "even if there is only a slight, though discernible, chance of persecution." *Diallo v. INS,* 232 F.3d 279, 284 (2d Cir. 2000) (citing *INS v. Cardoza-Fonseca*, 480 U.S. 421, 431 (1987)). On the other hand, a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best." *Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005).

The IJ found no evidence indicating that Swarn Ghotra would be persecuted if returned to India. The IJ also found that Kulvinder and Jasvinder did not establish a well-

6

founded fear of future persecution because: (1) there was no evidence that the police would remember them or their father some ten years after they fled India; and (2) they no longer wore long hair and beards, identifying characteristics of Sikhs in India. The IJ also found that Kulvinder's claim that the police would remember him because he had a "record" was undermined by his father's testimony that the Punjab police reported to the Delhi police that he was not a criminal. Finally, the IJ found no pattern or practice of persecution against Sikhs in India, observing that: (1) India elected a Sikh prime minister in 2004; (2) the 2006 State Department Country Report on India did not discuss any instances in which Sikhs were persecuted; and (3) the 1999 Country Report on India noted that the U.N. found a "climate of religious tolerance" in India. Therefore, the IJ reasonably concluded that the petitioners' claims were "speculative at best," and thus did not err in rejecting their applications for asylum. *Jian Xing Huang*, 421 F.3d at 129.

The IJ also did not err in finding that, because the petitioners were unable to show the objective likelihood of persecution needed to make out an asylum claim, they were necessarily unable to meet the higher standard required to

7

succeed on a claim for withholding of removal. *See Paul*, 444 F.3d at 156. Petitioners do not challenge the agency's denial of their claims for CAT relief.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____

8